FOREIGN attachment; returned "Laid in the hands of Jonathan Bee, executor of Nicholas Le Huray, dec'd., and summoned him as garnishee."
On motion of Mr. Rodney, of. counsel for the garnishee, rule to show cause why he should not be discharged from the attachment.
Nicholas Le Huray, by will, dated Jan. 8, 1834, devised that his farm,c, should be sold for the benefit of his wife and children; and then bequeathed to his wife one-third of the interest of his real estate during her natural life, yearly to be paid to her by the hands of his executor, and after her death the principal to be divided among his children as she pleases. He appointed Jonathan Bee his executor. The farm, c, was sold by the executor as directed by the will, and the proceeds invested.
Wales. — An attachment will lie wherever a suit will. Here is a *Page 437 
sum certain in the hands of an administrator subject to distribution, for which assumpsit will lie. (3 Harr. Rep. 367-8,Fitchett vs. Dolby.)
Rodney. — This is not at all like the case cited. Money cannot be attached in the hands of an administrator. (2 Harr. Rep.
349.) This fund is in the hands of J. B., as a trustee. It is a pure trust; as such, a court of law would not interfere with it, even if a court of chancery would. Property held in trust is not the subject of an execucution, or attachment. (1 Com. Dig. Attachment; Doug.
380.) Jonathan Bee cannot be called on in this irregular way, in a court of law, to account for his trust; this can be done only in a court of equity.
Wales. — The property is converted into money; the estate settled; the funds in the garnishee's hands belonging to Elizabeth Le Huray; which she could recover annually from him by action.
The authorities cited are English authorities, which regard an administrator as a trustee merely; but our act of assembly, and decided cases, make him a mere debtor, after settlement of the estate, as to the residue; or as to a legacy; and he may be sued at law or attached.
Court. — The rule must be made absolute. The fund is in the garnishee's hands, strictly as a trustee; and he may be called to account for it in a court of equity. The case of a distributive balance in the hands of an administrator, after the estate is fully settled, stands on special grounds, under the provisions of the act of assembly.
 Rule absolute.